FILED

2009 Oct-09  PM 04:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (Western Division)

| | |
|---|---|
| **LAURA WHITTEN,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **v.** | ) |
| | )  **CIVIL ACTION NO.** |
| **THE GUARDIAN LIFE INSURANCE** | )  **CV-09-1474-JEO** |
| **COMPANY OF AMERICA; and LIFE** | ) |
| **INSURANCE COMPANY OF NORTH** | ) |
| **AMERICA,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

## REPORT OF PARTIES' PLANNING MEETING

1.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 28, 2009 and at various times thereafter and was attended by Jason E. Burgett on behalf of Plaintiff Laura Whitten ("Plaintiff"), Briana M. Montminy on behalf of Defendant The Guardian Life Insurance Company of America ("Guardian"), and Grace Robinson Murphy on behalf of Defendant Life Insurance Company of North America ("LINA").[1]

2.      **Pre-discovery Disclosures**. The parties will exchange the information required by Local Rule 26.1 (a)(1) on or before **November 30, 2009.**

---

[1] Guardian's Motion to Transfer Venue of this case to the Southern District of Alabama on the basis of *forum non conveniens* is still pending before the Court, and Guardian's participation in the Federal Rule 26(f) meeting is not a waiver of its Motion to Transfer Venue.  Guardian maintains that this case should be in the Southern District of Alabama.

3.     **Electronically Stored Information**.  Any electronically stored information generated as part of the claim process will be produced as part of the administrative record.  Disclosure or discovery of any such information in the administrative record will be handled in accordance with the Federal Rules of Civil Procedure except any electronic information produced will be produced in hard copy, unless otherwise agreed by the parties or ordered by the Court.

4.     **General Claims/Defenses**.  The general claims and defenses of the parties are as follows:

    a.     Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by her employer, Xserv, Inc. sometimes referred to as United Scaffolding, Inc., to provide long-term disability benefits to eligible employees.  Said plan was funded by a policy of insurance issued by Defendant, Life Insurance Company of North America for claims prior to July 1, 2006, and for claims arising on July 1, 2006 or later it was funded by Defendant Guardian Life Insurance Company of America.  Plaintiff filed a claim for disability benefits under the insurance policy.  Plaintiff alleges that termination of her benefits was wrongful and in contravention of the terms of the plan.  Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees.  Plaintiff also alleges that Defendants failed to provide requested information as required under ERISA and relevant regulations, and is thus also seeking penalties under 29 U.S.C. § 1132(c).

    b.     Defendants deny the general allegations of Plaintiff's Complaint and, in response, state that Defendants properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable Plan documents.  Specifically, Defendants contend that there was no coverage for Plaintiff's alleged claim and/or that Plaintiff did not meet Defendants' respective policies' definition of eligibility and/or disability.  Defendants also state that their claims decision was in accordance

- 2 -

with the Plan's provisions, legally correct, and neither arbitrary nor capricious.  In addition, Defendants contend that no violation of 29 U.S.C. § 1132(c) and related regulations has occurred.

5.    **Discovery Plan**:  The parties differ on the discovery plan.  Plaintiff and Defendants' Positions are set out below.

**Plaintiff's Position:**

a.    Discovery will be needed on the following subjects:

(i.)    All factual allegations and claims made by Plaintiff in her Complaint;

(ii.)    All damages claimed by Plaintiff in this matter;

(iii.)   The conflict of interest applicable to the determination of Defendants; and

(iv.)   All defenses raised by Defendants in this matter.

b.    All discovery commenced in time to be completed by **March 1, 2010**.

c.    Maximum of **30** interrogatories by each party to any other party without prior approval of the Court. Maximum of **30** requests for production by each party to any other party without prior approval of the Court. Maximum **30** requests for admission by each party to any other party without prior approval of the Court. (Responses due **30** days after service).

d.    Maximum of **7** depositions by Plaintiff and **7** by Defendants without prior approval of the Court.

    e.    Reports from retained experts under Rule 26(a)(2) due:

        (i.)    from **Plaintiff** by **February 1, 2010.**

        (ii.)    from **Defendants** by **March 10, 2010.**

    f.    Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

**Defendants' Position:**  Defendants state that discovery is not appropriate in this action, based upon the scope of review under ERISA which is limited to the administrative record. *See Jett v. Blue Cross and Blue Shield of Alabama, Inc.,* 890 F.2d 1137, 1140 (11th Cir. 1989) (generally, a court's review should be "based upon the facts as known to the administrator at the time the decision was made."); *Brooks v. Protective Life Ins. Co.,* 883 F. Supp. 632, 638 (M.D. Ala. 1995) ("the court is required to look only to the facts known to the administrator at the time the decision was made"); *Sawyer v. Potash Corp. of Saskatchewan, et al.,* 417 F. Supp. 2d 730, 738 (E.D.N.C. 2006) ("Additional discovery is not allowed-only the administrative record is admissible").

6.    **Other items.**

    a.    The parties do not request a conference with the Court prior to entry of the Scheduling Order.

b.     The parties should be allowed until **December 10, 2010** to join additional parties and to amend the pleadings and until **January 12, 2010** to respond to any above-mentioned amendments.

c.     All potentially dispositive motions should be filed by **May 31, 2010.**

d.     The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures.

e.     The Parties request a final pretrial conference on or after **August 2010.**

f.     Final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order.

g.     Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

h.     The case should be ready for a non-jury trial by **October 2010** and at this time is expected to take approximately **1-2 days**.


Respectfully Submitted:  October 9, 2009


/s Jason E. Burgett
David P. Martin

- 5 -

Jason E. Burgett
Attorneys for Plaintiff
DAVID P. MARTIN, LLC
3601 Watermelon Rd.
Northport, Alabama 35473
Ph: (205) 343-1771
Fax: (205) 343-1781
Email: davidpmartin@erisacase.com

/s Briana M. Montminy
Forrest S. Latta
BURR & FORMAN LLP
P.O. Box 16046
Mobile, AL 36616
Ph: (251) 344-5151
Fax: (251) 344-9696
Email: flatta@burr.com

Briana M. Montminy
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Ph: (205) 458-5480
Email: bmontmin@burr.com
Attorneys For The Guardian Life Insurance
Company Of America

/s Grace Robinson Murphy
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
Attorneys for Life Insurance Company
of North America
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999